DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
MARK D. LIPTON, State Bar #152864
Deputy City Attorneys
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3800
Facsimile:     (415) 554-3837

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation; SAN FRANCISCO MUNICIPAL RAILWAY; PEOPLE OF THE STATE OF CALIFORNIA, by and through DENNIS J. HERRERA, City Attorney for the City and County of San Francisco;<br><br>Plaintiffs,<br><br>vs.<br><br>CAMBRIDGE INTEGRATED SERVICES GROUP, INC. and DOES 1 to 100,<br><br>Defendants. | Case No. C04-1523 VRW<br><br>(Removed from S.F. Superior Court, Action No. CFC-04-429286)<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER** |

THE PARTIES, BY AND THROUGH THEIR COUNSEL OF RECORD, HEREBY STIPULATE AS FOLLOWS:

1  (1)  The parties agree that Defendant shall be permitted to file the Third-Party
2  Complaint against Intercare Services, Inc., attached as Exhibit 1 to the Declaration of Eliot R.
3  Hudson In Support Of Cambridge Integrated Services Group, Inc.'s Motion For Leave To
4  Implead Intercare Insurance Services, Inc.

5  (2)  The parties agree that Plaintiffs shall be permitted to file the Amended Complaint,
6  attached hereto as Exhibit A.

Dated: January 24, 2006

DLA PIPER RUDNICK GRAY CARY US LLP
SHAND S. STEPHENS
ELIOT R. HUDSON

By: _[signature] Jamie Peterson for_
ELIOT R. HUDSON
Attorneys for Defendant CAMBRIDGE
INTEGRATED SERVICES, INC.

Dated: January 18, 2006

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
MARK D. LIPTON
Deputy City Attorney

By: _[signature]_
MARK D. LIPTON
Attorneys for Plaintiffs

2

(PROPOSED) ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: January 26, 2006



_____
Honorable _____
UNITED STATES DISTRICT JUDGE IN AND
FOR THE NORTHERN
CALIFORNIA

3

# EXHIBIT A

DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
MARK D. LIPTON, State Bar #152864
Deputy City Attorney
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3800
Facsimile: (415) 554-3837

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NORTHERN CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO, a Municipal Corporation; SAN FRANCISCO MUNICIPAL RAILWAY; PEOPLE OF THE STATE OF CALIFORNIA, by and through DENNIS J. HERRERA, City Attorney for the City and County of San Francisco;

Plaintiffs,

vs.

CAMBRIDGE INTEGRATED SERVICES GROUP, INC. and DOES 1 to 100,

Defendants.

Case No. C04-1523 VRW

**PLAINTIFFS' AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

COME NOW PLAINTIFFS City And County Of San Francisco, San Francisco Municipal Railway, and the People of the State of California, by and through Dennis J. Herrera, City Attorney for the City and County of San Francisco (hereinafter, "Plaintiffs"), to allege as follows:

### JURISDICTION

1. This action was removed from San Francisco Superior Court, Action No. CFC-04-429286 on April 20, 2004.

### INTRADISTRICT ASSIGNMENT

2. A substantial part of the events and omissions that give rise to the claims asserted herein occurred in this Judicial district.

1

PLAINTIFFS' AMENDED COMPLAINT     CCSF, et. al v. Cambridge     USDC No. C04-1523 VRW

## PARTIES

3. At all times relevant hereto, Plaintiff the City and County of San Francisco was and is a municipal corporation, with a population in excess of 750,000, organized and existing under and by virtue of the laws of the State of California.

4. This action is brought on behalf of the People of the State of California by Dennis J. Herrera, City Attorney for the City and County of San Francisco, the San Francisco Municipal Railway, and the City and County of San Francisco. As used in this Amended Complaint, the term "Plaintiffs" shall also refer to the People of the State of California and the City and County of San Francisco, collectively, except as noted.

5. On information and belief, defendant CAMBRIDGE INTEGRATED SERVICES GROUP, INC. ("CIS") is, and at all times herein mentioned was, a corporation doing business in California under the laws of the State of California with its principal place of business in Cranbury, New Jersey and maintains business offices in Oakland, California. CIS is, on information and belief, a provider of claims administration and risk management services, holding a license issued by the State of California to engage in business within California. On information and belief, CIS performed all acts alleged herein in San Francisco and Oakland, California.

6. The true names and capacities, whether individual, corporate, associate or otherwise of defendants Does 1 through 100, inclusive, are unknown to San Francisco, who therefore sues said defendants by such fictitious names. San Francisco is informed and believes and thereupon alleges that each of the defendants designated herein as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused, or is responsible in some proportion for, any damages sustained by plaintiff herein. San Francisco will seek leave to amend this complaint to show the true names, capacities, actions and responsibilities of said defendants so fictitiously named whenever the same shall have been ascertained. San Francisco will further seek leave to include appropriate charging allegations as to said defendants.

///

## GENERAL ALLEGATIONS

7. At all times herein mentioned, each Defendant was an agent, servant, employee, partner and joint venturer of the other Defendants, and each of them. At all said times, each Defendant was acting within the course and scope of his relationship as agent, servant, employee, partner and joint venturer of the other Defendants, and each of them.

8. On or about April 1, 2001, Plaintiffs and CIS entered into a contract ("2001 Contract"), which the parties signed on May 11, 2001. A true and correct copy of this contract was attached as Exhibit A to the original complaint filed in this action, and is incorporated by reference. CIS agreed to provide claims administration and risk management services to Plaintiffs' Municipal Railway through the handling of workers' compensation claims files. As such, CIS undertook care and custody of the files and the information contained in the files.

9. Plaintiffs brought a number of concerns regarding CIS' performance under the 2001 Contract to the attention of CIS in late 2001 and early 2002, including but not limited to CIS' failure to timely acquire medical opinions to defend claims; ineffective supervision of claims and claims examiners; failure to provide accurate reports; failure to deliver promised computer-based services; failure to staff with permanent employees; chronic overpayments of benefits; chronic duplication of benefit payments; poor diary management; failure to refer claims to the City Attorney's Office; improper management of delayed and denied claims; failure to maintain telephone access; late payments and penalties; overpayments; lost or missing files; poor work quality among examiners; failure to make required contact with employees; failure to make required contact with employer; failure to make required contact with treating physicians; and failure to take corrective action.

10. On February 21, 2002, Plaintiffs notified CIS that it was in breach of the 2001 Contract and that CIS had thirty days to cure.

11. CIS failed to cure.

12. On March 25, 2002, Plaintiffs issued a notice of termination of the 2001 Contract.

///

## FIRST CAUSE OF ACTION

### (Unlawful Or Unfair Business Practices)

13. Plaintiffs incorporate by reference and re-allege each and every paragraph set forth above.

14. Plaintiffs, acting to protect the public as consumers and competitors from unlawful, unfair, and fraudulent practices, bring this cause of action in the public interest in the name of the People of the State of California, pursuant to Business and Professions Code Section 17200 – 17210.

15. Defendant CIS and Does 1-100 transact business within the City and County of San Francisco, State of California. The violations of law described herein have been and are being carried out wholly or in part within the City and County of San Francisco.

16. The actions of Defendants are in violation of the laws and public practices of the City and County of San Francisco and the State of California and are inimical to the rights and interest of the general public. Unless preliminarily and permanently enjoined and restrained by an order of this court, Defendants will continue to engage in the unlawful and unfair acts and courses of conduct described herein.

17. Through the conduct described above, Defendants have engaged in the following unfair, fraudulent, and unlawful practices prohibited by Business and Professions Code section 17200 – 17209: breach of contract, breach of the implied covenant of good faith and fair dealing, breach of special duty, and failure to comply with the regulations, statutes, directives, or orders governing the transaction of the business of third party administration of claims within the state of California.

18. Plaintiffs allege on information and belief that Defendants have committed more than 1,000 separate acts of unfair business practice or unlawful business practice, as described above.

19. Plaintiffs are informed and believe and based on such information and belief allege that as a direct and proximate result of the foregoing acts and practice, Defendants have

4

1 received or will receive income and other benefits, which Defendants would not receive if it had
2 not engaged in the violations of Business and Professions Code section 17200 – 17210.

3    20.    Plaintiffs have no adequate remedy at law in that damages are insufficient to protect the public from the present danger and harm caused by the conditions described in this cross-complaint. Plaintiffs are informed and believe and based on such information and belief allege that Defendants will continue to engage in the unlawful practices described herein, absent a court order. Unless preliminary and permanent injunctive relief is granted to enjoin Defendants, Plaintiffs will suffer irreparable injury and damage.

    21.    Under Business and Professions Code section 17206, subdivision (a), every person who has engaged in unfair competition "shall be liable for a civil penalty not to exceed two thousand five hundred dollars ($2,500) for each violation."

    22.    Plaintiffs allege that each communication from Defendants, or instance in which defendants committed any of the following categories of acts are separate violations as defined by Business and Professions Code section 17200 et seq.:

    a.    failure to timely acquire medical opinions to defend claims;
    b.    ineffective supervision of claims and claims examiners;
    d.    failure to provide accurate reports;
    d.    failure to deliver promised computer-based services;
    e.    failure to staff with permanent employees;
    f.    chronic overpayments of benefits;
    g.    chronic duplication of benefit payments;
    h.    poor diary management;
    i.    failure to refer claims to the City Attorney's Office;
    j.    improper management of delayed and denied claims;
    k.    failure to maintain telephone access;
    l.    late payments and penalties;
    m.    overpayments;
    n.    lost or missing files;

5

      o.    poor work quality among examiners;

      p.    failure to make required contact with employee;

      q.    failure to make required contact with employer;

      r.    failure to make required contact with treating physician;

      s.    failure to take corrective action; and

      t.    misrepresentation that corrective action had been taken.

23. SAN FRANCISCO is entitled to an award of $2,500 for each separate violation in each separate category, according to proof at trial.

24. San Francisco is further entitled to an order disgorging all profits earned by Defendants during the 4 years prior to the filing of this action that resulted from the violations outlined above.

## SECOND CAUSE OF ACTION

### [Negligence]

25. Plaintiffs incorporate by reference and re-allege each and every paragraph set forth above.

26. San Francisco engaged Defendants as its claims administrator for worker's compensation claims asserted by employees of the San Francisco Municipal Railway. In this capacity, Defendants acted as San Francisco's claims administrator from late March 2001 until March 25, 2002, whose duties included but were not limited to handling first receipt of all claims; tracking all claims-related information; adjusting the claim by timely set up of claims file; making staffing assignments with appropriate personnel; investigating and managing all aspects of the claims; handling all claims related communications with the claimant, claimant's representatives, treating and other physicians, and with Plaintiffs; asserting, preserving and protecting the appropriate positions under the law for Plaintiffs; paying workers' compensation benefits to Plaintiffs' employees; paying medical services providers; and achieving a timely and appropriate resolution of claims.

27. Defendants, and each of them, so negligently and carelessly performed their duties as claims administrators for Plaintiffs as to cause the damages alleged in this complaint.

28. Plaintiff confirmed its suspicion regarding Defendants' errors after Plaintiff terminated the 2001 Contract on March 25, 2002. Sometime after that date, Plaintiff commenced an audit of Defendants' handling of the workers' compensation claims by reviewing the files, records, and accounts prepared, handled, and administered by Defendants and discovered Defendants' errors.

29. Defendants' wrongful acts, errors and omissions damaged Plaintiffs' workers' compensation files.

30. As a direct and proximate result of the wrongful acts, errors and omissions of defendants, San Francisco has been damaged in an amount to be proved at trial. Whereas the full extent of such damages has not yet been ascertained, San Francisco reserves its right to later amend this complaint and to affix those damages when they are determined with greater certainty.

31. San Francisco therefore prays for judgment against defendants as set forth below.

## THIRD CAUSE OF ACTION

### [Negligent Misrepresentation]

32. Plaintiffs incorporate by reference and re-allege each paragraph set forth above.

33. CIS and Does 1-100, in making the misrepresentations set forth above, had no reasonable grounds to believe those misrepresentations, and defendants made those misrepresentations with the intent to induce San Francisco to change its position to its injury or risk.

34. Defendants had a duty to disclose the material facts noted in the paragraphs above, and acted negligently in failing to do so.

35. Thus, to the extent defendants' misrepresentations and suppressions of material facts detailed above were not intentional, they were negligent. In reasonable reliance on defendants' failure to disclose the true material facts and suppress the facts detailed above, San Francisco altered its position to its injury or risk.

///

36. San Francisco reasonably relied on said defendants' negligent misrepresentations and omissions. Said defendants' negligent misrepresentations and omissions caused San Francisco damage in an amount to be determined at trial.

37. San Francisco therefore prays for judgment against defendants as herein set forth below.

## FOURTH CAUSE OF ACTION

### [Breach of Contract]

38. Plaintiffs incorporate by reference and re-allege each paragraph set forth above.

39. On or about March 27, 2001, San Francisco entered into a contract with CIS (the "2001 contract").

40. San Francisco has performed all of its obligations under the 2001 contract, except to the extent, if at all, that San Francisco's performance has been excused by CIS' breach.

41. CIS breached its contract with San Francisco through the failure to perform and the wrongful acts described above, and San Francisco has been damaged by these breaches in an amount to be proven at trial.

42. San Francisco therefore prays for judgment against defendants as here set forth below.

## FIFTH CAUSE OF ACTION

### [Contractual Indemnity]

43. Plaintiffs incorporate by reference and re-allege each paragraph set forth above.

44. CIS agreed to indemnify Plaintiffs under provision 4.2 of the 2001 Contract, which provides that CIS will defend and indemnify San Francisco for any loss, damage, injury, liability, penalty or fine resulting "directly or indirectly" from CIS' performance of the 2001 Contract, regardless of the negligence of San Francisco.

45. CIS has a duty to defend, indemnify, and hold harmless the Plaintiffs for the losses, damages, injuries, liabilities, penalties and fines resulting "directly or indirectly" from CIS' performance of the 2001 Contract.

46. Plaintiffs have a cause of action against CIS and defendants, and each of them, for any damages the Plaintiffs may be required to pay as a legal result of Defendants' negligence, including any and all settlement, judgment, and related expenses.

## SIXTH CAUSE OF ACTION

### [Breach of the Covenant of Good Faith and Fair Dealing]

47. Plaintiffs incorporate by reference and re-allege each paragraph set forth above.

48. Based upon the contractual relationship that existed between San Francisco and CIS, CIS owed San Francisco the duty of good faith and fair dealing that is implied under California law in every contractual relationship.

49. CIS have breached their duties to act in good faith and to deal fairly with San Francisco by conducting themselves negligently, carelessly, and with gross indifference, and by not performing the work required.

50. San Francisco therefore prays for judgment against defendants as set forth below.

## SEVENTH CAUSE OF ACTION

### [For Rescission]

51. Plaintiffs incorporate by reference and re-allege each paragraph set forth above.

52. When CIS committed the acts described above, a complete failure of consideration resulted, to the detriment of Plaintiffs.

53. Plaintiff's claims files were damaged irreparably by Defendants' actions, errors and omissions to act.

54. Any and all contracts between San Francisco and CIS are therefore void and rescission is warranted.

55. San Francisco therefore prays for judgment against defendants as set forth below.

## EIGHTH CAUSE OF ACTION

### [For Unjust Enrichment]

56. Plaintiffs incorporate by reference and re-allege each paragraph set forth above.

57. As a direct and proximate result of defendants' unlawful and unfair practices, described above, San Francisco paid approximately $2.5 million to CIS, but CIS failed to provided the services for which they submitted invoices and for which they were paid.

58. Defendants would be unjustly, inequitably, and unconscionably enriched if they are permitted to retain, hold, and enjoy the benefits obtained by them through their unlawful conduct.

59. Plaintiffs are therefore entitled to an order imposing a constructive trust upon money wrongfully taken by defendants and upon any property into which such money is traceable.

60. San Francisco therefore prays for judgment against defendants as set forth below.

## NINTH CAUSE OF ACTION

### [Conversion]

61. Plaintiffs incorporate by reference and re-allege each paragraph set forth above.

62. Between April 1, 2001 and March 25, 2002, Plaintiffs had the right to immediate possession of certain property consisting of the files of claims for worker's compensation benefits relating to its Municipal Railway employees.

63. As of March 25, 2002, Defendants actually and substantially interfered with Plaintiff's possessory interests and converted files to Defendants' own use by concealing them.

64. The property described above has a reasonable fair market value in an amount in excess of this Court's jurisdiction, to be shown according to proof at trial.

65. Between March 25, 2002 and the date of this action, Plaintiffs have properly expended expenses in the pursuit of the missing, converted files in an amount to be shown according to proof at trial.

66. San Francisco therefore prays for judgment against defendants as herein set forth below.

## TENTH CAUSE OF ACTION

### [For Declaratory Relief]

67. Plaintiffs incorporate by reference and re-allege each paragraph set forth above.

68. An actual controversy has arisen and now exists among CIS and San Francisco concerning the validity of San Francisco's payments to CIS under the 2001 Contract and CIS's obligations to defend, indemnify, and hold harmless San Francisco for the liabilities and penalties arising from CIS's performance under the 2001 Contract.

69. San Francisco seeks a judicial determination about the status of these issues. A judicial declaration is necessary and appropriate at this time and under these circumstances in order that San Francisco may resolve its dispute with CIS about the status of these payments.

70. Specifically, San Francisco seeks a judicial declaration that the 2001 Contract and/or payments between San Francisco and CIS were void on the ground that defendant CIS utterly failed to perform under the contract, as described above.

71. San Francisco therefore prays for judgment against the defendants as set forth below.

## ELEVENTH CAUSE OF ACTION

### [Fraud]

72. Plaintiffs incorporate by reference and re-allege paragraphs 1 through 24 and 38 through 71 set forth above.

73. Defendant made representations and statements in "A Confidential Proposal Prepared Exclusively for The City and County of San Francisco for Third Party Administration For Workers' Compensation And Management Information Systems" (incorporated by reference as though fully set forth herein), "Claims Management Work Process Manual" (incorporated by reference as though fully set forth herein), the 2001 Contract (a true and correct copy is attached as Exhibit A to the original Complaint), and through its employees, including but not limited to: James Robertson, President of Business Development; Harold Anderson, Senior Vice President-West/Southwest; and Theresa Suttles, Office Manager-Oakland. Defendant represented and stated that it intended and was able to perform certain tasks to administer Plaintiffs' workers' compensation claims, including tasks concerning the 2001 Contract; would perform such tasks; was in the process of

///

1  performing such tasks; and/or had already performed such tasks, including the following:
2    a.   timely acquire medical opinions to defend claims;
3    b.   effectively supervise claims and claims examiners;
4    d.   provide accurate reports;
5    d.   deliver promised computer-based services;
6    e.   staff with permanent employees;
7    f.   make accurate benefit payments;
8    g.   make timely benefit payments;
9    h.   diary management;
10   i.   refer claims to the City Attorney's Office;
11   j.   properly manage delayed and denied claims;
12   k.   maintain telephone access;
13   l.   make prompt payment of benefits and penalties;
14   m.   maintain files;
15   o.   provide quality among examiners;
16   p.   make required contact with employee;
17   q.   make required contact with employer;
18   r.   make required contact with treating physician;
19   s.   take corrective action;
20   t.   accurately represent what corrective action had been taken;
21   u.   review all take over claims; and
22   v.   locate all lost or misplaced claims files.
23 Such representations and statements were materially false, incomplete and fraudulent at the times
24 defendant made them, and defendant knew or had reason to know of their falsity.
25       74.   On or about November 15, 2001, Mr. Robertson, Mr. Anderson and Ms. Suttles
26 attended a meeting at the offices of the San Francisco Municipal Transportation Agency (MTA),
27 an agency of Plaintiff City and County of San Francisco. At that meeting, Mr. Robertson, Mr.
28 Anderson and Ms. Suttles made representations and statements to MTA General Manager,

12

1  Michael Burns, and MTA Director of Workers' Compensation Claims, Jeffrey Gary, that
2  defendant had reviewed all take over claims that had previously been handled by MTA's former
3  administrator. Such representations and statements were materially false, incomplete and
4  fraudulent at the time defendant made them, and defendant knew or had reason to know of their
5  falsity.

6      75.    On or about November 15, 2001, Mr. Robertson, Mr. Anderson and Ms. Suttles,
7  made representations and statements to Mr. Burns and Mr. Gary that defendant had found and
8  reassigned to adjusters, claims files that had previously been lost. Such representations and
9  statements were materially false, incomplete and fraudulent at the time defendant made them,
10 and defendant knew or had reason to know of their falsity.

11     76.    At all relevant times, defendant intentionally, willfully or recklessly
12 misrepresented or failed to disclose material facts about its intention and ability to perform tasks,
13 and its performance of tasks, concerning the 2001 Contract and defendant's administration of
14 Plaintiffs' workers' compensation claims.

15     77.    Defendant willfully deceived Plaintiffs with the intent to induce Plaintiffs'
16 reliance on defendant's representations and statements so that Plaintiffs would alter their position
17 to their injury or risk. Induced by defendant, Plaintiffs reasonably relied on defendant's
18 representations and statements, entered into the 2001 Contract and, subsequently, did not
19 exercise its right to terminate the 2001 Contract at an earlier date.

20     78.    Defendant engaged in this fraudulent course of conduct for the purpose of reaping
21 a profit.

22     79.    Defendant's fraudulent acts damaged Plaintiffs' workers' compensation files,
23 caused Plaintiffs to pay unearned fees to defendant and unnecessary benefits and penalties to
24 workers, and continue to cause Plaintiffs to pay unnecessary benefits, costs and expenses.

25     80.    As a direct and proximate result of the fraudulent acts of defendants, San
26 Francisco has been damaged in an amount to be proved at trial. Whereas the full extent of such
27 damages has not yet been ascertained, San Francisco reserves its right to later amend this
28 complaint and to affix those damages when they are determined with greater certainty.

81. San Francisco therefore prays for judgment against defendants as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

a. CIS and Does 1-100, and each of them, be declared to have engaged in unfair and unlawful business practices and acts in violation of Business and Professions Code Sections 17200 – 17210;

b. pursuant to Business and Professions Code Section 17206, each of the defendants be ordered to pay a civil penalty of $2,500.00 for each act of unfair business practice;

c. pursuant to Business and Professions Code Section 17203, that the court order defendants to disgorge all profits derived from the unfair or unlawful business practices at any time during the four years preceding the filing of this cross-complaint;

d. pursuant to Business and Professions Code Section 17200, et seq., that the court grant injunctive relief against defendants;

e. Plaintiffs recover general damages according to proof;

f. Plaintiffs recover special damages according to proof;

g. Plaintiffs recover interest as permitted by law;

h. Plaintiffs recover costs of suit, expenses incurred in the defense of the Action, and reasonable attorney's fees as permitted by law;

i. For express declaration as to the rights of indemnity and contribution owing to Plaintiffs by CIS;

j. For attorneys' fees and expenses incurred by Plaintiffs;

k. For exemplary damages according to proof;

l. For costs of suit herein incurred; and

m. For such other and further relief as the court may deem proper.

///

Dated: January 18, 2006

                         DENNIS J. HERRERA
                         City Attorney
                         JOANNE HOEPER
                         Chief Trial Attorney
                         MARK D. LIPTON
                         Deputy City Attorney

               By: _____
                         MARK D. LIPTON

                         Attorneys for Plaintiffs