IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, et al, | No C 04-1523 VRW |
| Plaintiffs, | ORDER |
| v | |
| CAMBRIDGE INTEGRATED SERVICES GROUP, INC, et al, | |
| Defendants. | |
| CAMBRIDGE INTEGRATED SERVICES GROUP, INC, | |
| Third-Party Plaintiff, | |
| v | |
| INTERCARE INSURANCE SERVICES, INC, | |
| Third-Party Defendant. | |

On April 2, 2007, the court granted Cambridge Integrated Services Group, Inc's (Cambridge) motion for leave to file a motion for reconsideration of the court's November 29, 2006 order dismissing Cambridge's third-party complaint against Intercare Insurance Services, Inc (Intercare). Doc #81. The court found

that Cambridge had fully briefed its motion for reconsideration. The court gave Intercare an opportunity to submit supplemental briefing in opposition. Id at 7. The matter is now fully briefed. For reasons discussed below, the court GRANTS Cambridge's motion for reconsideration and DENIES Intercare's March 20, 2006 motion to dismiss.

I

The parties are familiar with the facts and legal issues underlying Cambridge's motion, and the court need not fully recite them here. Suffice it to say that Cambridge impleaded Intercare through a third party complaint that asserts a single claim for equitable indemnity. Doc #43. Intercare moved to dismiss the third-party complaint arguing that Cambridge's claim was solely based on Intercare's alleged breach of contractual obligations and, accordingly, that Cambridge could not assert a tort duty owed by Intercare as required for equitable indemnity. Doc #47. In its order granting Cambridge's motion for leave to file a motion for reconsideration, the court preliminarily found that Cambridge might be able to base a tort claim against Intercare on a theory of negligent performance of a professional services contract under Eads v Marks, 39 Cal 2d 807 (1952) and North American Chemical Co v Superior Court, 59 Cal App 4th 764 (1997). Doc #81 at 7. The court noted, however, that Intercare did not have sufficient opportunity to respond to Cambridge's "professional negligence" argument. Id. Intercare filed its supplemental brief in opposition to Cambridge's motion for reconsideration on April 18, 2007. Doc #84.

II

In <u>Eads v Marks</u>, 39 Cal 2d 807 (1952), the California Supreme Court reversed an order sustaining a demurrer to a complaint alleging negligent performance of an agreement between defendant dairy company and plaintiffs.  Plaintiffs sued defendant for damages for personal injuries suffered by their one-year-old child because of defendant's negligence in leaving empty bottles outside plaintiffs' house in violation of plaintiffs' instructions to leave the bottles inside the house and beyond reach of the child.  The plaintiffs alleged that their letter of instructions constituted an agreement made with defendant for the benefit of their child.  Defendant argued that, assuming there was a valid agreement, plaintiffs had no tort cause of action for failure to perform.  The court disagreed:

> The same act may be both a tort and a breach of contract. Even where there is a contractual relationship between the parties, a cause of action in tort may sometimes arise out of the negligent manner in which the contractual duty is performed, or out of a failure to perform such duty. Here, the duty of care arose by reason of the contract, and plaintiff has sued in tort for the breach of that duty. The contract is of significance only in creating the legal duty, and the negligence of the defendant should not be considered as a breach of contract, but as a tort governed by tort rules. * * * Where the cause of action arises from the breach of a contractual duty, the action is delictual notwithstanding that it also involves a breach of contract. * * * In situations such as this, there is contractual negligence or the breach of a primary duty owed to the injured party, * * *.  A tort may grow out of or be coincident with a contract, and the existence of a contractual relationship does not immunize a tort feasor from tort liability for his wrongful acts in breach of the contract.  Contractual negligence ordinarily gives rise to an action either on contract or in tort, and the injured party may at his election waive the contract and sue in tort; or waive the tort and base his action on the contract alone.  In general, however, it has been held that actions based on negligent failure to perform contractual duties * * * are regarded as delictual

3

> actions, since negligence is considered the gravamen of the action.

**Eads** at 810-12 (citations omitted).

In <u>North American Chemical Co v Superior Court</u>, 59 Cal App 4th 764 (1997), a chemical company brought an action seeking recovery of sums that it paid as damages in settlement of a customer's claim that arose from a contaminated chemical product packaged and shipped for plaintiff by defendant. The court held that plaintiff was entitled to bring a tort action where the packaging and shipping contract "imposed upon the [defendant] a duty of reasonable care in carrying out and performing that contract." Id at 776. The court stated:

> This court recently endorsed the general rule that where the "negligent" performance of a contract amounts to nothing more than a *failure* to perform the express terms of the contract, the claim is one for contract breach, not negligence. However, for over 50 years California has also recognized the fundamental principle that " '[a]ccompanying every contract is a common-law duty to perform with care, skill, reasonable expedience, and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract.' The rule which imposes this duty is of universal application as to all persons who by contract undertake professional or other business engagements requiring the exercise of care, skill and knowledge; the obligation is implied by law and need not be stated in the agreement [citation]." * * * A contract to perform services gives rise to a duty of care which requires that such services be performed in a competent and reasonable manner. A negligent failure to do so may be both a breach of contract and a tort. In such a hybrid circumstance, the plaintiff is entitled to pursue both legal theories until an occasion for an election of remedies arises.

Id at 774-75 (citations omitted).

It is noteworthy that the court found that a contract measure of damages would not result in full compensation for defendant's alleged wrongful conduct. Id at 785. The standard for

4

measuring contract damages would limit the plaintiff to the contract price or the market value of the damaged chemical product. In contrast, the court found that plaintiff was entitled to tort damages, which are designed to compensate for all damages proximately caused by the wrongful conduct. Id at 786.

It is also noteworthy that the court in <u>North American</u> specifically analyzed the case before it as one involving a services contract that gave rise to economic loss. Id at 781-85. In reaching its conclusion, the court carefully analyzed those cases applying the economic loss rule, which limits the tort recovery of economic damages to those situations in which the economic damages are accompanied by physical harm (personal injury or property damage). The court distinguished cases involving defective products, for which the economic loss rule applies, and those involving defective services, for which the economic loss rule does not apply. Id at 780-81.

Intercare argues that, following the California Supreme Court's decisions in <u>Aas v Superior Court</u>, 24 Cal 4th 627 (2000) and <u>Erlich v Menezes</u>, 21 Cal 4th 543 (1999), <u>Eads</u> and <u>North American Chemical</u> are no longer good law for the proposition that a tort duty may arise out of a contract. Doc #84 at 12.

Both <u>Erlich</u> and <u>Aas</u> were construction defect cases brought by homeowners. <u>Erlich</u> involved the issue whether homeowners who contracted with the defendant for construction of their home could recover emotional distress damages for defects in the home's construction. Id at 558. The court held that a contractual relationship, without more, is insufficient to support

5

an award of damages for mental suffering if the tortious conduct resulted only in economic injury to the plaintiff.  Id at 554-57.

In <u>Aas</u>, the issue was whether negligence damages were recoverable for construction defects that violated the Uniform Building Code.  The court found that homeowners could not recover in negligence from housing developers and contractors for deviations from applicable building codes and industry standards that had not yet caused property damage or personal injury or ripened into involuntary out-of-pocket repair costs.  Id at 643.  The court rejected an argument that recovery of tort damages for economic loss should be allowed based on <u>North American</u>, holding instead that, after <u>Erlich</u>, the negligent performance of a construction contract, without more, does not justify an award of tort damages.  <u>Aas</u> at 643.

The court takes Intercare's point that these holdings seem to state a general rule that if damages for economic loss would be recoverable under a contract cause of action, a similar recovery in tort for the negligent performance of a services contract is probably prohibited.  See also Neil M Levy, 4 California Torts § 50.05 (Matthew Bender 2006).

The court notes, however, that <u>Eads</u> and <u>North American Chemical</u>, while distinguished in later cases involving home construction defects, have <u>not</u> been formally overruled.  Indeed, <u>Erlich</u> acknowledged, citing <u>North American</u> at 774, that the same wrongful act may at times constitute both a breach of contract and a tort.  <u>Erlich</u> at 551.

\\

6

More importantly, none of these cases – <u>Eads</u>, <u>North American</u>, <u>Erlich</u>, or <u>Aas</u> – addresses the issue of <u>professional services</u> contracts as opposed to mere services contracts. While <u>Erlich</u> states that a claimant is required to plead a tort duty independent of the contract, <u>Erlich</u> does not address whether improper performance of a <u>professional services</u> contract gives rise to an independent tort duty. <u>Aas</u> is similarly silent on this issue.

The issue was addressed in the case of <u>Loube v Loube</u>, 64 Cal App 4th 421 (1998). The California Court of Appeal held that a legal malpractice action was not an action "on a contract" and did not give rise to a right to attorneys' fees under Cal Civ Code § 1717:

> Curiously, there seems to be no case that has addressed the question of whether an action for professional negligence is an action "on the contract" for purposes of awarding attorney fees; at least no party has cited us to such a case. It is true that, unlike ordinary negligence, professional negligence breaches a duty that exists only because the parties have a contractual agreement, and it has been recognized that an action for professional negligence constitutes both a tort and a breach of contract. (<u>Neel v Magana, Olney, Levy, Cathcart & Gelfand</u> (1971) 6 Cal 3d 176, 181 [98 Cal Rptr 837, 491 P.2d 421].) Nonetheless, we conclude that appellants did not bring suit "on the contract." They brought suit for negligence. "Actionable legal malpractice is compounded of the same basic elements as other kinds of actionable negligence: duty, breach of duty, causation, and damage. The elements of a cause of action for professional negligence are: (1) the duty of the professional to use such skill, prudence and diligence as other members of the profession commonly possess and exercise; (2) breach of that duty; (3) a causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional negligence." * * * Here, although the parties had a contractual relationship, and appellant's claim for legal negligence arose from the relationship between them, which relationship was founded on a contract, the cause of action sounded in tort and was no more "on the

> contract" than a claim for breach of fiduciary duty or for fraud involving a contract. It follows that Civil Code section 1717 provides no basis for an award of attorney fees.

**Loube v Loube**, 64 Cal App 4th 421, 430 (1998). See also **Jackson v Rogers & Wells**, 210 Cal App 3d 336 (1989) (holding that plaintiff's breach of contract action against his attorney was in essence a claim for attorney negligence or malpractice which could not be assigned):

> [L]egal malpractice constitutes both a tort and a breach of contract. Jackson contends his breach of contract cause of action is different from the norm in that it alleges intentional conduct caused the breach, rather than negligent performance. In either case, the modern trend in analyzing legal malpractice causes of action is to blur the contract-tort distinction, which has been found not to be useful in this context.

**Jackson** at 349.

Cases decided subsequent to **Aas** and **Erlich** continue to apply a rule that negligent failure to exercise reasonable care and skill in undertaking to perform a professional services contract is a tort as well as a breach of contract. In **Moreno v Sanchez**, 106 Cal App 4th 1415 (2003), the California Court of Appeal applied this principle to an action alleging breach of contract, negligence and negligent misrepresentation against a home inspector. The parties' contract provided that any suit on the contract had to be brought within one year of the inspection. The trial court sustained a demurrer on statute of limitations grounds. The Court of Appeal reversed, finding that the delayed discovery rule applied notwithstanding the parties' agreement. In reaching this conclusion, the court rejected defendant's claim that the plaintiffs were not entitled to tort damages because a breach of

8

the duty of care under a contract was no longer actionable in tort after <u>Freeman & Mills, Inc v Belcher Oil Co</u>, 11 Cal 4th 85 (1995). The court found that <u>Freeman</u>, in fact, supported a contrary view:

> In <u>Freeman</u>, the Supreme Court directed "courts should limit tort recovery in contract breach situations to the insurance area, *at least in the absence of violation of an independent duty arising from principles of tort law* other than denial of the existence of, or liability under, the breached contract." Under the common law the established rule is the negligent failure to exercise reasonable care and skill in undertaking to perform a service contract of this type is a tort, as well as a breach of contract.

<u>Moreno</u> at 1435 (emphasis in original).  See also <u>Hydro-Mill Co, Inc v Hayward, Tilton & Rolapp Ins Associates, Inc</u>, 115 Cal App 4th 1145, 1153 (2004) ("Insurance agents and brokers have been held liable to insureds or applicants for insurance on a number of theories including breach of contract and professional negligence.")  Perhaps the most obvious example of professional negligence in a contractual relationship is legal malpractice, which needless to say, California courts still recognize.  See <u>Loube</u>, supra; <u>Jackson</u>, supra.

Intercare attempts to distinguish these cases by arguing that it does not perform the types of services that qualify for a professional negligence claim.  Doc #84 at 1.  As stated in the court's previous order, however, it would be premature to make such a determination at the motion to dismiss stage, where review is generally limited to the contents of the complaint.  Doc #81 at 6. Cambridge alleges that Intercare was a party to a professional services contract.  The California Supreme Court has not seen fit to overrule <u>North American</u> or <u>Eads</u>, which hold that negligent performance of a service contract may be a tort as well as a breach

of contract. More recent decisions recognize this rule in the context of professional negligence. Accordingly, Cambridge has sufficiently pled an underlying tort claim on which to base its claim for equitable indemnity.

### III

For the reasons discussed above, Cambridge's motion for reconsideration is GRANTED. On reconsideration, the court DENIES Intercare's March 2006 motion to dismiss. The parties shall appear for a case management conference on July 24, 2007 at 9:00am.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge